UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM PAULEY,

                                         Plaintiff,

            -vs-                                                              08-CV-340-JTC

CSX TRANSPORTATION, INC.,

                                         Defendant.

---

This action was originally brought by plaintiff William Pauley in New York State Supreme Court, Erie County, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, seeking money damages for personal injuries suffered while working as a railroad carman for defendant CSX Transportation, Inc. ("CSXT"). The case was removed to this court by defendant, pursuant to 28 U.S.C. § 1441(b) and (c), on the basis of original jurisdiction under the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq*. Plaintiff has filed a motion to remand the action to state court, pursuant to the statutory prohibition against the removal of FELA actions commenced in state court. *See* 28 U.S.C. § 1445(a).[1] Defendant has filed a cross-motion seeking an order permitting the commencement of disciplinary proceedings against plaintiff pursuant to the RLA's grievance procedures.

---

[1] 28 U.S.C. § 1445(a) provides:

A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States.

For the reasons that follow, plaintiff's motion is granted, and the action is remanded to state court.

## **BACKGROUND**

Plaintiff commenced this action in state court on August 17, 2006, under the concurrent jurisdiction provision of the FELA. *See* 45 U.S.C. § 56.[2] Plaintiff alleges that he was injured on June 5, 2005, while performing duties in the scope of his employment. Defendant answered the complaint asserting several defenses to the FELA claim, and the case proceeded in state court.

On March 5, 2008, while appearing as a witness at the trial of a state court action brought by another CSXT employee, plaintiff gave testimony relating to his preparation of an inspection report for a vehicle in CSXT's Buffalo yard during his shift as general foreman on February 20, 2004 (*see* Item 1, Att. 6). On March 19, 2008, plaintiff received a letter notifying him that a disciplinary hearing had been scheduled to investigate whether the inspection report had been falsified (*see id.*, Att. 7). Plaintiff then sought preliminary injunctive relief in state court to prevent defendant from proceeding with the disciplinary investigation as a means of eliciting information from plaintiff that could be used against him in the FELA action (*see* Item 2, Ex. D). On April 30, 2008, New York State Supreme Court Justice Joseph Glownia granted plaintiff's request for a temporary restraining order,

---

[2] 45 U.S.C. § 56 provides, in pertinent part:

Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

and scheduled a hearing on plaintiff's preliminary injunction application for May 9, 2008 (*see id.*).

On May 7, 2008, two days before the state court injunction hearing (and more than 18 months after commencement of the state court action), defendant removed the FELA action to this court. Defendant asserts that plaintiff's request for injunctive relief in state court constitutes a "recently commenced claim for relief from the grievance procedures of the RLA" (Item 1, ¶ 15), providing a separate jurisdictional basis for removal under 28 U.S.C. § 1441(b) and (c), and avoiding the removal bar of § 1445(a).

## **DISCUSSION**

Under the removal statute, a FELA case brought in state court may not be removed to federal district court. *See* footnote 1, *supra*; *see also Burnett v. New York Central R .R. Co.*, 380 U.S. 424, 434 (1965) (statutory prohibition against removing FELA cases from state to federal court evinces Congress' intention to protect plaintiffs' rights to bring FELA actions in state court); *Bready v. CSX Transp., Inc.*, 2008 WL 828298, at *1 (N.D.N.Y. March 26, 2008) (federal law prohibits removal of state court FELA cases to federal district court). A FELA claim may, however, be removable if it is joined with another cause of action that is both removable and arises under federal law, and if the otherwise removable claim is "separate and independent" from the non-removable claim. See 28 U.S.C. § 1441(c).[3]

---

[3] 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the [court's original federal question] jurisdiction . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Whether a defendant may remove an otherwise nonremovable case based on joinder of a claim providing separate and independent federal question jurisdiction is determined by the longstanding "well-pleaded complaint" rule, which permits removal only when the claim involves a right created by federal law which is reflected on the face of plaintiff's complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). As stated by the United States Supreme Court:

> [T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule–that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may . . . choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a [non-removable] claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (emphasis supplied) (holding federal labor law did not pre-empt state law breach of employment contract claim where defendant raised defense requiring court to interpret or apply collective bargaining agreement).

There is nothing reflected on the face of plaintiff's complaint, or for that matter, in any of the state court pleadings, to suggest that plaintiff's application for injunctive relief constitutes joinder of a separate and independent claim under the RLA. To the contrary, the assertion that the action comes within the purview of the RLA was first made by defendant in its notice of removal. Plaintiff's request for injunctive relief was grounded

entirely on the invocation of his rights under section 60 of the FELA[4] to prevent the employer from using disciplinary proceedings as a means of suppressing voluntary information relating to the facts of his injury. Accordingly, plaintiff's claim for injunctive relief arose entirely in relation to his FELA action, and is not a separate and independent claim sufficient to invoke this court's removal jurisdiction under 28 U.S.C. § 1441(c). *Cf. Calloway v. Union Pacific R. Co.*, 929 F. Supp. 1280, 1282 (E.D.Mo. 1996) (plaintiff's pre-removal motion for protective order to limit improper discovery methods in state court FELA action did not raise removable claim under RLA; case remanded); *Taft v. Burlington Northern Railroad Corp.*, 926 F. Supp. 866, 868-69 (D.Minn. 1996) (plaintiff's post-removal motion for temporary restraining order to prevent defendant from conducting investigation of injury underlying FELA claim does not constitute removable separate and independent claim under RLA; case remanded); *Edmonds v. Norfolk and Western Ry. Co.*, 883 F. Supp. 89, 93 (S.D.W.Va. 1995) (plaintiff's pre-removal motion for preliminary injunction in state court FELA action arises under FELA § 60 and not under RLA; case remanded).

---

[4]FELA § 60 provides, in pertinent part:

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense . . . .

45 U.S.C. § 60. The courts have held that, while this is a criminal provision, it will support a civil action for an injunction. *See Edmonds v. Norfolk and Western Ry. Co.*, 883 F. Supp. 89, 92 (S.D.W.Va. 1995) (citing cases).

Based on this analysis, the court finds that it lacks subject matter jurisdiction over this case, and grants plaintiff's motion (Item 2) to remand the action to New York State Supreme Court, Erie County, pursuant to 28 U.S.C. § 1447(c).  In the absence of jurisdiction over the subject matter, the court declines to rule on defendant's cross-motion (Item 5) for an order permitting the commencement of disciplinary proceedings.

The Clerk of the Court is directed to mail a certified copy of this order to counsel of record and to the Clerk of the New York State Supreme Court, Erie County, and to close this case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: August  19   , 2008
p:\opinions\08-340.aug808